**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**DOUGLAS MURRAY SANDERS,**

    **Plaintiff,**

**v.**                                                                                                               **No. 21-cv-1160 SMV**

**SANTA FE GOLD CORPORATION and**
**MINERAL ACQUISITIONS, LLC,**

    **Defendants.**

**ORDER TO STRIKE AND**
**ORDER CAUTIONING PLAINTIFF**

THIS MATTER is before the Court on an untitled bundle of documents mailed directly to the undesigned by Plaintiff, which was docketed on March 15, 2022. [Doc. 8]. It appears that Plaintiff mailed this bundle of documents to the undersigned as a carbon copy of his purported "Cease and Desist Letter" to the Sheriff's Offices of Greenlee and Pima Counties in Arizona, along with more than 50 pages of attachments. *Id.* at 1–3. These materials have no apparent relevance to this case, and the Court will strike them. Plaintiff may not attempt any further ex parte communication with the judges in this case or their staff. If Plaintiff wishes to file any material in this case, he must direct the material to the Clerk of Court. Plaintiff is cautioned that he is bound by the Orders of this Court and its rules under penalty of sanction.

<u>I. Plaintiff must become familiar with and follow the relevant rules.</u>

The Court notifies Plaintiff of the following regarding communications with the Court:

> Generally, pro se litigants are held to the same standards of professional responsibility as trained attorneys. It is a pro se litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure*

and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019). The Local Rules, the Guide for Pro Se Litigants, and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

## II. The bundle of documents will be struck.

The bundle of documents includes the purported "Cease and Desist Letter" and dozens of pages of attachments, including filings from this case and at least three others.[1] [Doc. 8]. There is no apparent request to this Court for relief. There is no title. *See* D.N.M.LR-10.2. Although some of the materials mention Defendants or appear to refence Plaintiff's dispute with Defendants, there is no clear connection between the bundle of documents and this lawsuit.[2] Pursuant to the Court's inherent authority to manage its docket, the Court will strike from the bundle of documents [Doc. 8] submitted by Plaintiff on March 15, 2022. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).

## III. Plaintiff may not attempt to engage in ex parte communication and must direct filings to the Clerk of Court.

Next, the Court cautions Plaintiff that he may not submit any materials directly to the undersigned, because such communication is ex parte and, therefore, improper. Instead, Plaintiff must direct any filings to the Clerk of Court.

> Attorneys and pro se parties are prohibited from all *ex parte* communication with the judge or judge's staff. *Ex parte* communication occurs when one of the parties to a lawsuit exchanges information with the assigned judge (1) without the

---

[1] The other cases are *Santa Fe Gold Corp. v. Sanders*, D-202-CV-202101990 (2d Jud. Dist. Bernalillo Cnty. N.M. 2021), [Doc. 8] at 7; *Santa Fe Gold Corp v. Sanders*, No. C20214048 (Ariz. Super. Ct. in Pima Cnty. 2021), [Doc. 8] at 17; *SEC v. Mueller*, 20-cv-0984 JB/JHR (D.N.M. 2020), [Doc. 8] at 7, 17, 23.
[2] The bundle of materials further refences Plaintiff's identity as a "sovereign" citizen. *See, e.g.*, [Doc. 8] at 5.

> opposing party being present, or (2) without the knowledge and consent of the opposing party.
>
> Any communication between the assigned judge and a pro se litigant should be in writing, and a copy of the communication should be sent to the opposing party or, if represented, to that party's attorney. The letter to the judge should indicate that a copy has been sent to the opposing party. Telephone or personal contact with the judge's staff should be limited to specific scheduling inquiries.

Guide for Pro Se Litigants at 11–12.

Parties may not file documents by sending them to the undersigned or his chambers; documents to be filed must be either mailed or delivered in person to the Clerk of Court. Any documents sent to the undersigned or his chambers for filing in this case in the future will not be filed.

> Unless otherwise directed, all communication to the court should be addressed to the Clerk of Court, United States District Court, District of New Mexico, using the address for the division [Albuquerque, Las Cruces, or Santa Fe] where the subject case has been assigned.

Guide for Pro Se Litigants at 5 (providing the Albuquerque, Las Cruces, and Santa Fe addresses).

### IV. Plaintiff is bound by Rule 11.

The Court reminds Plaintiff of his obligations under Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

3

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's untitled bundle of documents [Doc. 8] is **STRUCK**.

**IT IS FURTHER ORDERED** that Plaintiff be cautioned that if he fails to comply with Court Orders, files frivolous documents, continues to improperly send documents to the undersigned or his chambers, or improperly communicates with the Court ex parte, the Court may impose filing restrictions and other sanctions to deter such abusive behavior.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**