IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOUGLAS MURRAY SANDERS,

      Plaintiff,

vs.                                                                No. 1:21-cv-01160-WJ-GJF

SANTA FE GOLD CORPORATION, a
Delaware Corporation; and MINERAL
ACQUISITIONS, LLC, a New Mexico
Limited Liability Company,

      Defendants.

## **MEMORANDUM OPINON AND ORDER**

THIS MATTER is before the Court on Defendants' Motion to Dismiss Under Fed. R. Civil P. 8(a)(2), 12(B)(6) & (7) (Doc. 10). The Court grants the Motion to Dismiss and dismisses this proceeding without prejudice.

### **Factual and Procedural Background**

Plaintiff Douglas Murray Sanders is proceeding *pro se* and *in forma pauperis*. Plaintiff Sanders filed his Complaint for a Civil Case Alleging Breach of Obligations (Doc. 1) on December 3, 2021. Plaintiff names, as Defendants, Santa Fe Gold Corporation, a Delaware corporation with its principal place of business in New Mexico, and Mineral Acquisitions, L.L.C., a New Mexico limited liability company whose members are Santa Fe Gold Corporation and Frank G. Mueller. (Doc. 1 at 2-3). In his Statement of Claim, Plaintiff Sanders alleges:

> Plaintiff Douglas Murray Sanders ("Sanders") was engaged by two Arizona limited liability companies, Billali Mine, LLC and J.C. Imperial, LLC (jointly, "Original Debtors") as their exclusive representative for marketing and sale of mining properties in Grant County, New Mexico. The Original Debtors agreed unconditionally to pay Plaintiff Sanders ten percent Commission on the final sale price of the mining properties.
>                               . . .

1

> Defendant MALLC entered into a purchase agreement with the Original Debtors to buy the mining properties, bearing the "Effective Date" of January 4, 2018 and a purchase price of $10,000.00 ("Purchase Agreement", attached as Exhibit 1). The Original Debtors defaulted on their agreement to pay Plaintiff Sanders $1,000,000 commission he earned in marketing the mines. The Original Debtors then authenticated a security agreement, granting Plaintiff Sanders a security interest in the Purchase Agreement pledged to Plaintiff Sanders as collateral . . . Pursuant to default provisions of the security agreement and Arizona Revised Statutes ("A.R.S.") § 47-9607(a)(1) and (3), Plaintiff Sanders is entitled to notify the defendants MALLC and SFGC to make payment on under the Purchase Agreement to Plaintiff Sanders, and to enforce the obligations of the defendants under the Purchase Agreement (Exhibit 2)."

(Doc. 1 at 3-4). Plaintiff seeks a court order for Defendants to make payments to him in the total amount of $2,225,548.96. (Doc. 1 at 5). Although referenced, no exhibits were attached to the Complaint as filed.

This is not the first time that these parties have engaged in litigation over the alleged purchase of the Grant County mining properties and failure to pay Plaintiff Sanders' commission. In 2020, after the Securities and Exchange Commission had obtained a judgment against Mueller in case no. 1:20-cv-00984 JB-JHR, Sanders sought to intervene as a Plaintiff and pursue claims against Santa Fe Gold Corporation, Mineral Acquisitions, and Mueller identical to the claims filed in this case. (1:20-cv-00984 JB-JHR, Doc. 11). This Court denied the motion to intervene. (1:20-cv-00984 JB-JHR, Doc. 22).

On March 25, 2021, Santa Fe Gold Corporation, Mineral Acquisitions LLC, and Frank Mueller filed a petition in the Second Judicial District Court, State of New Mexico, to have a lien recorded by Sanders declared void. *See Santa Fe Gold Corporation, et al., v. Douglas M. Sanders,* Second Judicial District case no. D-202-CV-2021-01990 (Doc. 10-1). The State court declared the lien to be void *ab initio*, finding that (1) no state or federal statutory basis existed for Sanders' claim of lien, (2) no written contract exists between Sanders and Santa Fe Gold Corporation, Mineral Acquisitions, or Mueller, and (3) no Security Agreement between Billali Mine, LLC or

J.C. Imperial, LLC and Santa Fe Gold Corporation, Mineral Acquisitions, or Mueller had ever been submitted into evidence.  (Doc. 10-1 at 2-4).

Santa Fe Gold Corporation also brought suit against Sanders in Pima County, Arizona. That case was removed to the United States District Court for the District of Arizona by Sanders. *See Santa Fe Gold v. Sanders,* No. 4:21-cv-00373-BGM (D. AZ. 2021).  The Arizona federal court remanded the case to the Pima County state court, where it appears to remain pending.  Plaintiff Sanders also filed claims against Santa Fe Gold in this Court in 2021.  *Sanders v. Santa Fe Gold Corporation,* No.1:21-cv-1019-MIS-SCY.  That case was dismissed without prejudice based on lack of diversity jurisdiction. Last, Sanders filed related claims in the District of Arizona in *Sanders v. MTC Financial,* No. 4:22-cv-00066-SHR (D. AZ. 2022).  The Arizona federal court dismissed the claims for failure to state a claim, Sanders appealed to the United States Court of Appeals for the 9th Circuit, and the 9th Circuit dismissed the appeal as frivolous. No. 22-16066 (9th Cir. Nov. 9, 2022).

The Defendants in this case filed their Motion to Dismiss Under Fed. R. Civil P. 8(a)(2), 12(b)(6) & (7) on September 21, 2022.  (Doc. 10).  Defendants seek dismissal of the claims in this case (1) for violation of Fed. R. Civ. P. 8(a), (2) for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6), (3) for failure to join indispensable parties under Fed. R. Civ. P. 12(b)(7) and 19, and (4) because the claims have already been adjudicated against Sanders in *Santa Fe Gold Corporation, et al., v. Douglas M. Sanders,* Second Judicial District case no. D-202-CV-2021-01990.  (Doc. 10 at 2-6).  Plaintiff Sanders did not directly respond to the Motion to Dismiss but, instead, filed a Notice of Motion and Ex-Parte Emergency Motion to Stay Any Further Proceedings Pending Removal of Disabilities of Minority and Restoration of All Rights on October 14, 2022. (Doc. 16).

**Pending Motion to Stay**

Pending before the Court is Plaintiff Sanders' Notice of Motion and Ex-Parte Emergency Motion to Stay Any Further Proceedings Pending Removal of Disabilities of Minority and Restoration of All Rights (Doc. 16) ("Notice and Motion"). In his Notice and Motion, Plaintiff Sanders asks the Court:

> "In the interest of equity, justice and judicial jurisprudence, Petitioner hereby motions this Court for a temporary ex-parte emergency stay of all further proceedings on this matter until the removal of disabilities of minority, with regards to the style, status and condition of the name DOUGLAS MURRAY SANDERS, representative of a minor account, has been changed to Douglas Murray Sanders, and thereby removing those known disabilities, so that he may bring or defend any new or pending suit in law or equity within this Court's jurisdiction, or any other Court."

(Doc. 16 at 2). Sanders claims that he has either instituted or plans to institute proceedings in the Superior Court and/or Probate Court of Pima County, Arizona for "Change of Adult Name for Removal of Disabilities of Minority." (Doc. 16 at 1-2).[1]

Sanders is the pro se Plaintiff and initiated this proceeding. Under New Mexico law, a minor is incompetent to initiate a civil action unless represented by a parent or guardian. *See* NMRA 1-017(D); *Wasson v. Wasson,* 92 N.M. 162, 584 P.2d 713 (Ct. App. 1978). If Plaintiff Sanders was a minor at the time he instituted the proceedings, he should not have done so except through a guardian or parent. If he was not a minor at the time, then there is no reason for proceedings to remove the disability of minority. Regardless of whether Plaintiff Sanders instituted this suit while he was under the disability of minority or was not a minor at the time he filed this case, there is no basis for any stay of proceedings to remove the disability of minority.

---

[1] Based on the statements in the Notice and Motion and the signatures on the second and third pages, it appears that Plaintiff Sanders is advancing discredited "sovereign citizen" type arguments. Doc. 16 at 2-3. *See, also,* Doc. 8; Doc. 10 at 6-7).

*See, e.g.,* Fed. R. Civ. P. 37(b)(2) and 62.  Either way, he may pursue whatever proceedings he wishes in Pima County Arizona as those proceedings are irrelevant to this case.  The Court will not stay or delay dismissal of this case and will deny Plaintiff's Notice and Motion.

## Analysis of Motion to Dismiss

**1. Standards for Failure to State a Claim.**

Plaintiff, Douglas Murray Sanders, is proceeding pro se and *in forma pauperis.*  (Doc. 4). The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 555.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).  *See also Hall v. Bellmon,*

935 F.2d at 1109. "The authority to 'pierce the veil of the complaint's factual allegations' means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

**2. Pleading Standards.**

Rule 8 requires that a complaint set out a short, plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a). Each allegation must be simple, concise, and direct. Fed.R.Civ.P. 8(d)(1). The Court is not required to sort through vague allegations to try to identify Plaintiff's cause of action. A *pro se* complaint may be dismissed under Rule 8(a) if it is "incomprehensible." *See Carpenter v. Williams,* 86 F.3d 1015, 1016 (10th Cir.1996); *Olguin v. Atherton*, 215 F.3d 1337 (10th Cir. 2000). Rule 8(a)'s purpose is to require plaintiffs to state their claims intelligibly so as to give fair notice of the claims to opposing parties and the court. *Mann v. Boatright,* 477 F.3d 1140, 1148 (10th Cir. 2007); *Monument Builders of Greater Kansas City, Inc., v. American Cemetery Ass'n of Kansas,* 891 F.2d 1473, 1480 (10th Cir.1989). Imprecise

pleadings undermine the utility of the complaint and violate that purpose of Rule 8. *See Knox v. First Security Bank of Utah,* 196 F.2d 112, 117 (10th Cir. 1952). Rambling and incomprehensible filings bury material allegations in "a morass of irrelevancies" and do not meet Rule 8(a)'s pleading requirement of a "short and plain statement." *Mann,* 477 F.3d at 1148; *Ausherman v. Stump,* 643 F.2d 715, 716 (10th Cir.1981).

Under Rule 10(c) of the Federal Rules of Civil Procedure, written instruments that form the basis of a claim may be attached to a complaint and are incorporated and made a part of the complaint. The types of exhibits contemplated by Rule 10(c) are written instruments, such as contracts, that provide the operative basis of the claim. *See Rose v. Bartle,* 871 F.2d 331, 339 n. 3 (3d Cir.1989); *Perkins v. Silverstein,* 939 F.2d 463, 467 n. 2 (7th Cir.1991).

**3. Analysis.**

Plaintiff Sanders claims to be proceeding to enforce a security agreement under Arizona's Uniform Commercial Code, A.R.S. 47-9607. (Doc. 1 at 3-4). Plaintiff's Complaint, however, does not meet the requirements of Fed. R. Civ. P. 8, 10, and 12(b)(6). The Complaint makes no more than vague allegations regarding the alleged security agreement. (Doc. 1 at 2-4). The Complaint only states "[t]he Original Debtors then authenticated a security agreement, granting Plaintiff Sanders a security interest in the Purchase Agreement pledged to Plaintiff Sanders as collateral." (Doc. 1 at 4). There is no copy of the claimed security agreement attached to the Complaint, nor does the Complaint state who the actual signatories were to the security agreement or when and where the security agreement was signed. Nor does the Complaint allege any basis for why a lawsuit commenced in New Mexico allegedly relating to New Mexico mining properties and involving New Mexico Defendants would be governed by Arizona law or how any requirements for enforcement of a security agreement have been met in this case. The Complaint

contains insufficient facts on its face to state a plain, simple, plausible claim for relief. Fed. Civ. P. 8(c); *Twombly,* 550 U.S. at 570.

Further, the Defendants Motion sets forth matters showing that the security agreement claims asserted by Plaintiff Sanders have already been adjudicated in Second Judicial District, State of New Mexico, case no. D-202-CV-2021-01990. (Doc. 10 at 2-6). The record reflects that Defendants Santa Fe Gold Corporation and Mineral Acquisitions LLC filed a petition in that case to have a lien recorded by Sanders declared void. (Doc. 10-1). The State court declared the lien void *ab initio*, finding that no state or federal statutory basis existed for Sanders' claim of lien, no written contract existed between Sanders and Santa Fe Gold Corporation or Mineral Acquisitions, and no alleged Security Agreement had ever been submitted into evidence. (Doc. 10-1 at 2-4).

The New Mexico court ruled that no statutory or contractual basis existed for Sanders' claims and no evidence existed of any alleged security agreement. This Court may take judicial notice of the proceedings in case no. D-202-CV-2021-01990. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (the Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand). Under 28 U.S.C. § 1915, the court may pierce the veil of the complaint's factual allegations and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. Based on the State court's findings, Sanders is not entitled to relief on his claims in this case and the Complaint is subject to dismissal under the § 1915(e)(2)(B) standard.

Defendants also seek dismissal of this case for failure to join indispensable parties under Fed. R. Civ. P. 12(b)(7) and 19. Because the Court dismisses the case under Fed. R. Civ. P. 8(a)(2)

and 12(b)(6), the Court does not reach the issue of whether Plaintiff Sanders has failed to join indispensable parties.

Sanders' Complaint fails to state a sufficient claim for relief under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Therefore, the Court grants the Defendants' Motion to Dismiss and dismisses this case without prejudice.

**IT IS ORDERED:**

(1) Plaintiff Douglas Murray Sanders' Notice of Motion and Ex-Parte Emergency Motion to Stay Any Further Proceedings Pending Removal of Disabilities of Minority and Restoration of All Rights (Doc. 16) is **DENIED;**

(2) Defendants' Motion to Dismiss Under Fed. R. Civil P. 8(a)(2), 12(B)(6) & (7) (Doc. 10) is **GRANTED; and**

(3) Plaintiff Douglas Murray Sanders' Complaint for a Civil Case Alleging Breach of Obligations (28 U.S.C. § 1332; Diversity of Citizenship) (Doc. 1) is **DISMISSED** without prejudice.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE